UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA YANCEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-04623-JPH-MPB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING SUMMARY JUDGMENT**

Plaintiff Joshua Yancey, an inmate in the Federal Bureau of Prisons (BOP), brought this Federal Tort Claims Act (FTCA) suit alleging that medical staff at the Federal Correctional Institution in Terre Haute committed malpractice by negligently denying him effective medication to treat his depression and chronic back pain. For the reasons below, the United States' motion for summary judgment, dkt. [53], is **GRANTED**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted undisputed (or disputed) fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit. *Williams v. Brooks*, 809 F.3d 936, 941−42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017*)* (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II. Factual Background

Mr. Yancey has suffered from back pain and depression since before he entered BOP custody. In early 2016, Mr. Yancey had prescriptions for gabapentin to treat his back pain and Wellbutrin to treat his depression. But the BOP removed gabapentin and Wellbutrin from its list of "formulary" treatments. Dkt. 53-6 at 13. After the formulary list change, prison medical staff could no longer prescribe these medications without first trying one or more formulary medications. *See National Formulary Part I*, Federal Bureau of Prisons Health Services (2016), https://www.bop.gov/resources/pdfs/formulary.pdf.

On May 5, 2016, prison medical staff ordered tapering of Mr. Yancey's gabapentin prescription. Dkt. 53-6 at 13. On June 28, 2016, medical staff prescribed duloxetine as a substitute. *Id.* at 12.

2

On July 29, 2016, Mr. Yancey was treated by an outside specialist who recommended Lyrica for his back pain. *Id.* at 19.

On August 9, 2016, Mr. Yancey was treated by prison medical staff. *Id.* at 11. Medical staff had previously ordered that Mr. Yancey be tapered off Wellbutrin, and he complained of erratic moods due to switching from Wellbutrin to Cymbalta. *Id.* He also complained of increased back pain due to being tapered off gabapentin. *Id.* Medical staff prescribed Effexor to treat both conditions. *Id.*

On September 12, 2016, Mr. Yancey was again treated by prison medical staff, and he reported that Effexor was ineffective for treating his back pain. *Id.* at 10.

On September 15, 2016, Mr. Yancey received an epidural injection from an outside specialist to treat his back pain. *Id.* at 16.

On September 20, 2016, Mr. Yancey again reported to prison medical staff that Effexor was ineffective for treating his back pain. *Id.* at 9. Medical staff prescribed Tegretol as a substitute. *Id.*

On November 28, 2016, Mr. Yancey complained that Tegretol was ineffective and asked for Lyrica or gabapentin instead. *Id.* at 7. Prison medical staff placed a non-formulary request for gabapentin. *Id.* at 8. On November 29, medical staff prescribed oxcarbazepine for Mr. Yancey's back pain. *Id.* at 6.

On April 25, 2017, Mr. Yancey was treated by prison medical staff and reported that oxcarbazepine was ineffective. Dkt. 53-6 at 4. The medical records show no change in treatment on this date.

On September 25, 2017, Mr. Yancey received an epidural injection from an outside specialist. *See id.* at 3.

On December 5, 2017, Mr. Yancey was treated by prison medical staff and again requested gabapentin. Dkt. 53-6 at 2. The medical staff agreed to send for records from Mr. Yancey's prior incarceration in a county jail and then re-submit the request for gabapentin. *Id.*

On April 2, 2018, Mr. Yancey was treated by prison medical staff and requested an epidural injection. *Id.* at 1.

On September 4, 2018, before receiving the requested epidural injection, Mr. Yancey was transferred to another facility. He never received gabapentin after his prescription was cancelled in 2016.

As an exhibit to their summary judgment motion, the United States presented a report from Dr. Roger B. Bailey, a former medical officer with the BOP. Dkt. 53-8 at 10. Dr. Bailey opines that the prison medical staff provided "textbook treatment" for Mr. Yancey's back pain.[1] *Id.* at 7.

### III. Discussion

The FTCA provides that the United States is liable for money damages for personal injury caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her employment if a private person would be liable to the claimant under the law of the place where the act or omission occurred. 28 U.S.C.A. § 1346(b)(1). Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014).

Indiana tort law governs the merits of Mr. Yancey's claim. *Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008); *see also* 28 U.S.C. § 1346(b). Under Indiana law, Mr. Yancey must prove that (1) an employee of the United States owed a duty to him; (2) an employee of the

---

[1] Dr. Bailey's report was of limited help to the Court's assessment of the claims because it focuses on treatment Mr. Yancey received outside the timeframe of the complaint, dkt. 53-8 at 3−5, and does not discuss the medications prescribed to Mr. Yancey. *Id.* at 5.

4

United States breached that duty; and (3) the breach proximately caused his injuries. *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1187 (Ind. 2016); *see Brown v. United States*, 737 F. App'x 777, 780 (7th Cir. 2018).

Mr. Yancey argues that prison medical staff owed him a duty to provide appropriate medical care, that they breached that duty by not providing effective treatment for his back pain and depression, and that the lack of effective treatment caused him to experience unnecessary pain.

The parties do not dispute that prison medical staff owed Mr. Yancey a duty to provide appropriate medical care. And there is plenty of evidence that the discontinuation of gabapentin and Wellbutrin caused Mr. Yancey pain and suffering. With Wellbutrin and gabapentin, Mr. Yancey could function. Deprived of both medications, Mr. Yancey repeatedly notified prison medical staff of his increased pain and worsened symptoms of depression.

The only question for summary judgment, then, is whether prison medical staff breached their duty of care. Medical providers breach their duty of care when they fail to "exercise that degree of care, skill, and proficiency exercised by reasonably careful, skillful, and prudent practitioners in the same class to which [they] belong[], acting under the same or similar circumstances." *Vergera by Vergera v. Doan*, 593 N.E.2d 185, 187 (Ind. 1992).

The record demonstrates that the prison medical staff provided an acceptable level of care. Mr. Yancey asserts that medical staff "doggedly persisted in a course of treatment known to be ineffective." *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005); *see* dkt. 63 at 2. On the contrary, after Wellbutrin and gabapentin were removed from the formulary list, prison medical staff tried several other medications, in succession, to treat Mr. Yancey's back pain and depression. There is no evidence that the medical staff should have foreseen these medicines would be ineffective.

5

Moreover, medical staff continued to send Mr. Yancey for epidural injections to treat his back pain.

Mr. Yancey points to the outside specialists' prescriptions for Lyrica and gabapentin as evidence that the prison medical staff's actions were unreasonable. But those prescriptions do not show that the prison staff's alternative prescriptions fell below the standard of care.

Mr. Yancey also points to his deposition testimony relaying an alleged statement from one of his outside pain specialists, Dr. Chartier: "[Effexor] is a psych med, man. That's for mental health depression. It's nothing to do with your back." Dkt. 61 at 2 (response to summary judgment motion); dkt. 53-7 at 82 (deposition testimony); *but see* "Antidepressants: Another weapon against chronic pain," Mayo Clinic (2019), https://www.mayoclinic.org/pain-medications/art-20045647 (noting that antidepressants "seem to work best for . . . [l]ow back pain," among other types of pain, and explaining that Effexor has become "more popular" for chronic pain treatment because it causes "fewer side effects"). This alleged statement is inadmissible hearsay that cannot be used to survive summary judgment. *Cairel v. Alderen*, 821 F.3d 823, 830 (7th Cir. 2016).

Because Mr. Yancey has put forth no evidence that would allow a jury to find that prison medical staff were negligent or committed malpractice in treating his back pain and depression, the United States is entitled to judgment as a matter of law.

### IV. Leave to Amend

In his response to the United States' summary judgment motion, Mr. Yancey seeks leave to amend his complaint to assert *Bivens* claims against individual prison medical staff members. Dkt. 61 at 9−10; *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Mr. Yancey failed to file a motion for leave to amend and a proposed amended complaint in compliance with the Court's local rules. S.D. Ind. L.R. 15-1. And he failed to show good cause

for failing to comply with the Court's scheduling order. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see* dkt. 32 at 1 ("**No later than January 21, 2019** – Any party who wants to amend its Complaint, Answer, or other pleading must file a motion requesting permission to do so, with a proposed amended pleading attached thereto. This includes trying to add new parties to the suit."). For these reasons, leave to amend is **DENIED**.

Leave to amend is also denied because amendment would be futile. Mr. Yancey has failed to identify evidence upon which a jury could find that any prison medical staff member was deliberately indifferent to his medical conditions, as required for *Bivens* relief on an Eighth Amendment medical care claim. *See Cesal v. Moats*, 851 F.3d 714, 722−23 (7th Cir. 2017).

### V. Conclusion

The defendant's motion for summary judgment, dkt. [53], is **GRANTED**. Final judgment shall now enter.

**SO ORDERED.**

Date: 7/27/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSHUA YANCEY
16134-032
MANCHESTER – FCI
MANCHESTER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 4000
MANCHESTER, KY 40962

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

7